## Commonwealth *v.* O'Malley, Appellant.

*Criminal law and procedure — Indictment — Motion to quash—Bill of particulars—Refusal—Appeal.*

The right of a defendant to a bill of particulars in some cases is not to be questioned, and where refusal thereof has prejudiced the accused in the trial of the case, relief might be had by exception and appeal, but not where the indictment is regular on its face and is supported by an act of assembly and its sufficiency is in no wise impeached, by the action of the court refusing to require such bill.

*Criminal law and procedure—Evidence—Unlawful seizure—Constitutional protections — Unreasonable search—Self incrimination —Contradiction of defendant.*

Where one, arrested upon a charge of fortune telling under the Act of April 8, 1861, P. L. 270, made no objection to the officer of the law taking certain articles, which she had been using and had offered for public view in her place of business, her constitutional right to protection against unreasonable search and self incrimination was not violated by the introduction of those articles in evidence upon her trial.

It is the right of an officer, making an arrest for the commission of a crime, to take from the accused any articles which were the fruits or facilities of the crime, and which might be used as evidence at the trial of the defendant.

It was testified that defendant sold small bags which were represented to be "charms." The defendant denied that any such bags had ever been sold by her. It was competent for the Commonwealth, in rebuttal, to call a witness to testify that he had bought one of the alleged charms from the defendant.

Argued March 12, 1923. Appeal, No. 110, April T., 1923, by defendant, from judgment of Q. S. Allegheny

County, Nov. sessions, 1921, No. 656, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Elizabeth O'Malley. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for fortune telling. Before KLINE, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal to quash the indictment, various rulings upon evidence, and the judgment of the court.

*Horace J. Miller,* for appellant.—The court is without authority to compel a defendant in a criminal case to produce books or papers to be used against him: Boyle v. Smithman, 146 Pa. 255; Counselman v. Hitchcock, 142 U. S. 547; Grant v. U. S., 227 U. S. 74.

*John D. Meyer,* Assistant District Attorney, and with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY HENDERSON, J., April 30, 1923:

The defendant was convicted of fortune telling under the Act of April 8, 1861, P. L. 270. The prosecution was begun by a complaint before a police magistrate on October 6, 1921. The same day a warrant was issued to three police women. The defendant was arrested October 14, 1921, and at a hearing on the following day was held to the quarter sessions under bail. Three grounds of complaint are suggested in the assignments: (A) A refusal of the court to quash the indictment; (B) The admission in evidence of articles alleged to have been taken from the defendant at the time of her arrest; (C) The admission of the evidence of a witness in rebuttal.

The motion to quash the indictment was based on the refusal of the court to require the Commonwealth to furnish a bill of particulars. No precedents are cited to support the position taken. The right of a defendant to a bill of particulars in some cases is not to be questioned, and where such refusal has prejudiced the accused in the trial of the case, relief might be had by exception and appeal, but the application affords no foundation for quashing the indictment. It is regular on its face, is supported by an act of assembly, and its sufficiency is in no wise impeached by the action of the court in refusing to require a bill of particulars.

The 2d, 3d, 4th and 5th assignments relate to the same subject. The defendant conducted her business in a large room or hall where she was when the police officers made the arrest. The room contained chairs and a table. A black handbag and an account book were on the table. There was a document purporting to be a charter for a spiritualist's church. The black bag contained some small bags said by the defendant to be incense charms. There was also a pasteboard sign on which was inscribed "Please place donations here." This was also on the table. These articles were taken possession of by the officers when the defendant was arrested and were offered in evidence at the trial. Objection was made to the evidence on the ground that they were obtained in violation of sections 8 and 9, article I, of the Constitution of the State securing to the defendant protection against unreasonable search and compulsion to give evidence against herself in a criminal case. It appears from the evidence that at the time the articles referred to were taken, other persons were in the room. It was a place resorted to by people from time to time. The articles taken were open to the observation of bystanders and the alleged charter was publicly exhibited; the black handbag was on the table and one at least of the small bags was sold to one of the police women. The record does not disclose the contents of the account book and it may be left out of

consideration. Whatever the significance of these exhibits may have been, it is manifest they were not obtained by any such search or seizure as is referred to in the Constitution. If they had any relevancy in the case, they were used in the conduct of the defendant's business as a fortune teller and dealer in charms and as such were properly taken possession of by the officers. It is the right of an officer making an arrest for the commission of a crime to take from the accused any articles which were the fruits or facilities of the crime and which might be used as evidence at the trial of the defendant: 1 Bishop on Criminal Procedure 211; Wharton's Criminal Pleading and Practice, 8th ed. 60; Weeks v. U. S., 232 U. S. 383; U. S. v. Murphy, 264 Fed. Rep. 842; Newberry v. Carpenter, 107 Mich. 567. No objection was made by the defendant to the taking of the articles referred to; nor was any of the defendant's property offered at the trial except that which she had exhibited to persons who visited her place of business. In such circumstances the rule has been stated in this and many other states that the evidence is not inadmissible either on the ground that it is in the nature of admissions; or that it is evidence which the defendant was compelled to furnish against himself; or that it was unfairly or illegally obtained: Com. v. Tibbetts, 170 Mass. 519; Gindrat v. The People, 138 Ill. 103; Com. v. Dana, 2 Metcalf 329; State v. Pomeroy, 130 Mo. 489; Shields v. State, 104 Ala. 35; State v. Flynn, 36 N. H. 64; Adams v. N. Y., 192 U. S. 585; Com. v. Exler, 61 Pa. Superior Ct. 423; 4 Wigmore on Evidence, page 3122. It may well be doubted whether this evidence had any bearing to the prejudice of the defendant with respect to the specific accusation in the indictment. Reliance was not placed on inferences to be drawn from the possession of these articles by the accused. There was direct and positive evidence of different witnesses that fortune telling was practiced by the defendant. The defense was that she was conducting religious meetings as a member of a spiritualist organi-

zation.   Several witnesses were called to testify that religious exercises were held and that she had received communications for them from the spirit world which they believed to be trustworthy.   The question whether the defendant was conducting a church or was merely using the alleged organization to get unsuspecting persons to patronize her for the purpose of having their fortunes told was clearly submitted to the jury and no exception was taken to the charge.

The sixth assignment relates to the refusal of the court to strike out the testimony of the witness, Carl Muia.   This witness was called to contradict the defendant who when testifying in her own behalf said she had never sold any of the small bags alleged to be charms after evidence had been given by the Commonwealth that she had sold such an article.   Her broad and general denial opened the door for the evidence of Muia although the sale was made after the prosecution was commenced. It tended to discredit and weaken the testimony of the defendant.   Except for the comprehensive denial by her, the evidence would not have been competent in rebuttal.

A review of the case satisfies us that the record does not exhibit any error which would warrant a reversal. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.