## Commonwealth v. Strauss et al.

*Criminal law—Bill of particulars.*

The granting or refusing of bills of particulars lies within the sound discretion of the trial judge. They are only granted in exceptional cases.

Applications for more specific bill of particulars. Q. S. Northampton Co., Feb. T., 1925, Nos. 119 and 120.

*Robert E. James,* District Attorney, and *T. McKeen Chidsey,* for Commonwealth.

*Asher Seip* and *Smith & Paff,* for defendants.

STEWART, P. J., July 13, 1925.—The Commonwealth filed bills of particulars in above cases. They are alike and each of them contains thirteen paragraphs setting out in detail the facts and circumstances upon which the indictments had been returned. The defendants filed exceptions in each case and have treated the exceptions as reasons for a petition for a rule to show cause why a more specific bill of particulars should not be filed. This practice is somewhat involved. However, we have examined the papers in connection with the authorities cited in the briefs and are of opinion that, tested by the authorities, the defendants are not entitled to another bill of particulars. The present ones are ample and sufficient. In the latest case that we have found, Com. v. O'Malley, 81 Pa. Superior Ct. 100, it is said: "The right of a defendant to a bill of particulars in some cases is not to be questioned, and where refusal thereof has prejudiced the accused in the trial of the case, relief might be had by exception and appeal, but not where the indictment is regular on its face and is supported by an act of assembly and its sufficiency is in no wise impeached by the action of the court refusing to require such bill." In the leading case of Com. v. Zuern, 16 Pa. Superior Ct. 588, it is said: "The matter of granting or refusing a bill of particulars lies within the sound discretion of the trial judge, and where the exercise of such discretion has not been abused, it will not be reviewed by the appellate court. The defendant in a criminal prosecution is not entitled to demand from the district attorney a specification of the evidence to be adduced by the Commonwealth at the trial." See, also, Com. v. Buccieri, 153 Pa. 535; Com. v. Tanner, 7 Northamp. Co. Repr. 74, and Com. v. Michel, 29 Dist. R. 423. The indictment in the great majority of cases, even in the short form provided by statute, is entirely suf-

ficient to inform the defendant of the nature of the offence with which he is charged. Bills of particulars are only granted in exceptional cases, and as the late President Judge Scott pointed out in Com. *v.* Tanner, 7 Northamp. Co. Repr. 74, are not ordered for the purpose of informing the defendant of the evidence which the Commonwealth has in its possession. The complaint, the indictment and the present bill of particulars give the defendants all that they are fairly entitled to.

And now, July 13, 1925, rule upon the Commonwealth to show cause why a more specific bill of particulars should not be filed is refused and application denied in each case.                     From Henry D. Maxwell, Easton, Pa.