STATE OF MAINE *vs.* HARRY A. WOOD.

Aroostook.    Opinion July 9, 1928.

*J. Frederick Burns,*
*Herbert T. Powers,* for respondent.
*Raymond Fellows,* Attorney General,
*Cyrus F. Small,* County Attorney, for the State.

SITTING: WILSON, C. J., DUNN, DEASY, BARNES, PATTANGALL, JJ.

PATTANGALL, J.    On exceptions to the dismissed, for want of jurisdiction, of a petition requesting an order for the disinterment of a body for evidential purposes. The petitioner was indicted for the murder of one Parker, who died from the effect of

a bullet wound sustained by him. Trial was had, resulting in a verdict of manslaughter. Petitioner's defense was based on the proposition that the deceased met his death by an accidenal shot fired by a friend and companion. At the time of the shooting, petitioner was standing directly in front of Parker with a loaded rifle in his hands, which he claimed was never discharged. Parker's companion was standing directly behind Parker at the time of the shooting and admittedly fired at least two shots from his revolver.

Two questions became of vital importance. First, was death caused by a shot from a rifle or from a revolver. Second, was the fatal shot fired from a position in front of or from behind the deceased.

A careful autopsy might have enabled these questions to be answered intelligently and definitely. No such autopsy was made. The examination made by the medical examiner is correctly characterized in the petition as "superficial."

Prior to the trial, petitioner requested the State's Attorney for the County to permit the exhumation of the body in order that competent physicians and experts acting in his behalf might examine the wound sustained by Parker, which request was refused. Since the trial; he has again requested the State's Attorney for the County, the Attorney General and the Medical Examiner, to allow such exhumation for the purpose of making a complete and thorough examination of the fatal wound in order that the direction from which the bullet came might be determined and the nature of the wound revealed. This request was refused. Petitioner then filed, with the Justice presiding at the nisi prius term of the Supreme Judicial Court next held after the term at which trial was had, a petition setting forth the facts above stated and requesting the court to order the body of Parker exhumed for the purpose of full and complete examination and in order to obtain the important information which should be revealed by such examination. The State's Attorney for the County moved to dismiss this petition on the ground that the court was without jurisdiction to grant the prayer of the petitioner. On this motion and on the ground stated therein, the presiding Justice dismissed the petition, to which action the petitioner filed exceptions.

The only question before this court is as to the authority of the court to grant the petition.

Under certain circumstances, disinterment of the body of a deceased for evidential purposes may be ordered in civil cases. *Mutual Life Insurance Co.* v. *Griesa,* 156 Fed., 398; *Grangers Life Insurance Co.* v. *Brown,* 57 Miss., 308; 34 Am. Rep., 446; *State ex rel. Meyer* v. *Clifford Judge,* (Wash.) 139 Pac., 650; *Painter et al* v. *U. S. Fidelity and Guaranty Co.,* (Md.) 91 Atl., 160. In the latter case, the court said, "Courts have never hesitated to have a body exhumed where the application under the particular circumstances appeared reasonable and was for the purpose of eliciting the truth in the promotion of justice. There are several reported cases where the courts have refused such an examination while recognizing the right but deeming the application to have been made at too remote a period of time with no attendant circumstances to explain the delay."

Assuming the authority of the court to order the disinterment of a body for evidential purposes in a civil case, where property rights only are involved, it could not be reasonably argued that the court did not possess a like power in criminal cases where liberty and even life itself may be involved.

In *Salisbury* v. *Commonwealth,* 79 Ky., 425, the trial judge upon motion of the defendant ordered the coroner to exhume the body and to cause an examination of it to be made upon the condition that the defendant should pay the expenses thereof. The appellate court sustained the order, but refused to grant the request of the defendant that the expenses should be paid by the State or County.

In *Moss* v. *State,* (Ala.) 44 So., 598, the court denied a motion requiring the sheriff to produce the skull of the deceased at the trial, it appearing to the court that no good object could be attained by such undertaking; but refused the request of the petitioner as a matter of discretion and not for lack of jurisdiction.

"Where the question of the guilt or innocence of the accused cannot be determined except by exhumation and autopsy of the body of the deceased, the court may and should order the disinterment." 8 R. C. L., 697.

The leading case directly in point is that of *Gray, Appt.* v.

*State of Texas*, (Tex. Crim. App.) 114 S. W., 635, quoted as authority in 22 L. R. A., 513, and 14 Ann. Cas., 471. In upholding its authority to grant such a petition when it appeared that examination of the corpse might assist in ascertaining the guilt or innocence of the accused, the court in this latter case said, "Courts were instituted for the purpose of promoting justice, the ascertainment of the truth in all controversies pending in such tribunals, and for the protection of life, liberty, and property. To fairly and rightly accomplish these laudable purposes, the supreme desire and purpose is, and in every case should be, by every consideration and fair rule, to ascertain the very truth of the matter in controversy, and by such rules of evidence as will, in their nature, accomplish this result. It will be conceded, of course, that, if a body could not be exhumed when an indictment was pending, and the grave made to yield up its secret, and an examination made at the instance of the defendant, such exhumation and examination ought not to be made, in a similar case, at the instance of the state. To do so would not only be manifestly unfair, but would be such a partial discrimination against the defendant as would shock the moral sense of all fair-minded men. And yet to refuse to the state authority, on a proper showing and in a proper case, so to do, would, in many cases, permit the most abandoned criminal to go unwhipped of justice, and the law, in its weakness and impotence, to be made a by-word and pure mockery."

A trial before a jury is an investigation of matters of fact, its sole purpose being to ascertain the truth. All competent evidence tending toward that result should be produced. It is the plain duty of prosecuting officers to make every effort to present all of the facts and to assist the respondent in his effort to do the same. The state is not endeavoring to prove the respondent guilty. It is endeavoring to ascertain whether or not he is guilty.

It is not only within the power of the court to take such action as shall tend to bring before it all that may assist in the search for truth but it is its duty to do so. Any other theory of law, any different course of conduct on the part of the court, would cause judicial proceedings to receive and merit the contempt of all right-thinking citizens.

It is of course true that the action requested by the defendant in this case should only be taken after careful consideration and when such action seems essential to the administration of justice. The question of the wisdom and necessity of granting such a petition must lie in the discretion of the justice to whom the petition is addressed, but we do not hesitate to affirm that the court has power to grant the petition. The fact that a partial and unsatisfactory autopsy had, prior to the filing of the petition in this case, been made by the Medical Examiner of the County, the public official whose duty it was, under our statutes, to perform such an act, in no way affects the authority of the court to comply with petitioner's request.

*Exceptions sustained.*