Commonwealth ex rel. Spencer *v.* Ashe, Warden.

Argued January 13, 1950. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Clair V. Duff,* for petitioner.

*Owen B. McManus, Jr.,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, for respondent.

OPINION BY Mr. Justice JONES, March 20, 1950:

The relator alleges that he was denied due process for the reason, inter alia, that, at his trial in the court below, the jury was impaneled in his absence. The able argument of his appointed counsel understandably assumes such to have been the case. The fact is, however, as the record affirmatively shows, the defendant *was* present in court at the time in question. Thus, the minute book of the Court of Oyer and Terminer of Allegheny County, October Sessions 1948, contains the following pertinent entry: "And now October 21, 1948, defendant present in open court pleads non cul et de. hoc. District Attorney similiter. Issue joined. EODIE a jury being called and came . . . [names of jurors], . . . impaneled and sworn. . . ."

In *Commonwealth ex rel. McGlinn v. Smith*, 344 Pa. 41, 47, 24 A. 2d 1, our present Chief Justice quoted approvingly from *Johnson v. Zerbst*, 304 U. S. 458, as follows,—" 'A judgment cannot be lightly set aside by collateral attack even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity'." In the present instance, we have not only a presumption of the regularity of the judgment of conviction but also direct proof that the factual basis of the alleged irregularity did not actually exist. There is nothing in the case to justify a departure from the stated record. Until the contrary affirmatively and competently appears, the relator is bound by the record: see *Prine v. Commonwealth*, 18 Pa. 103.

The further contention that his conviction was unlawful because he was arrested and searched by a police officer without a warrant likewise lacks merit. The record facts show that, on the evening of the crime involved, a police officer, a few minutes after he had been told by the victim that he had been robbed and assaulted, went with the victim in the latter's automobile to the place where the crime had been committed and, in that

vicinity, saw the relator walking through a field. The officer overtook him and placed him under arrest. He broke away and pulled a large knife from his pocket; but, when the officer drew his revolver and threatened to shoot, the relator surrendered. The officer then searched him and found on his person a wallet which the victim at once identified as his. It has long been the settled law in this State that a police officer, or even a private citizen, may arrest for felony without a warrant: *Wakely v. Hart,* 6 Binney 315, 318; *Brooks v. Commonwealth,* 61 Pa. 352, 358-360; *Commonwealth v. Grether,* 204 Pa. 203, 205, 53 A. 753; *Commonwealth v. Duerr,* 158 Pa. Superior Ct. 484, 491, 45 A. 2d 235. As to the search of the thus lawfully apprehended criminal, what was said in *Commonwealth v. O'Malley,* 81 Pa. Superior Ct. 100, 103, is presently apposite,— "It is the right of an officer making an arrest for the commission of a crime to take from the accused any articles which were the fruits or facilities of the crime and which might be used as evidence at the trial of the defendant: [citing text authorities and cases]." Furthermore, the relator's complaints in regard to the arrest and search were matters for defense, reviewable for possible error on appeal and not by way of habeas corpus. *Commonwealth ex rel. McGlinn v. Smith,* supra, at p. 47, approved the decision in *Commonwealth v. Seechrist,* 27 Pa. Superior Ct. 423, as holding that,— ". . . a writ of habeas corpus cannot be made a substitute for a writ of error, and where a party is in custody by virtue of a final decree or judgment, or process thereon, of a court of competent jurisdiction, no inquiry into the process . . . is to be had, and no relief administered on habeas corpus [citing cases]."

The relator's contention that it was error to try him on four separate indictments at the same time is equally fallacious. Although represented by competent private counsel, he did not even move for a severance. But,

beyond that, it is within the sound discretion of the trial court to determine whether a number of indictments against the same person should be tried together: *Commonwealth v. Festa,* 156 Pa. Superior Ct. 329, 332, 40 A. 2d 112; *Commonwealth ex rel. Koleg v. Ashe,* 140 Pa. Superior Ct. 215, 216, 14 A. 2d 175; and *Commonwealth v. Tracey,* 137 Pa. Superior Ct. 221, 227-228, 8 A. 2d 622. And, an exercise of discretion in such regard will not be reversed unless it clearly appears that the rights of the defendant were thereby prejudiced: *Commonwealth v. Mulroy,* 154 Pa. Superior Ct. 410, 413, 36 A. 2d 337. The present relator suffered no harm from a consolidation of the indictments for trial. All of them grew out of the same circumstances and, respectively, charged the relator with robbery, burglary, felonious assault and battery and carrying concealed weapons. The jury found him guilty on each indictment except on the one for burglary. No enlargement of the period of his restraint resulted. The learned trial judge sentenced him on the robbery indictment to not less than five nor more than ten years in the Western State Penitentiary; the sentence for the felonious assault and battery indictment, which was for a lesser term (two and a half to five years), was made to run concurrently with the sentence on the robbery indictment; and the sentence on the indictment for carrying concealed weapons was suspended in view of the sentence on the robbery indictment. Nor was the issue of the relator's guilt influenced in the slightest degree by the fact that he was tried at the same time on the four indictments. No new or extraneous element was introduced into the case because of the multiple indictments. The same facts applied to all of them. Here, also, the relator's complaint, even if it had merit, which it does not, relates to a matter of defense in respect whereof the trial court's action could be raised only on appeal and not by a petition for habeas corpus.

The relator's remaining contention rests upon an erroneous statement of fact. He asserts that he was denied due process of law because he was made to stand trial without the jury or himself, as defendant, having heard the indictments read in open court. The notes of testimony show that the learned trial judge separately read in his charge to the jury, in the presence of the defendant, the crime laid in each of the indictments submitted and each time correctly defined the particular crime. Again, the relator's complaint concerns a matter of defense reviewable only on appeal; the time for which long since expired.

Writ refused.