## In re Brobst et al.

*Joseph A. Dague*, for petitioner.

*Kelley, Johnston & Cimino*, for Ernie Brobst.

BELL, P. J., April 11, 1950.—The district attorney having presented a petition to exhume the bodies of Josephine W. Brobst and Myrl S. Sones, on the allegation that investigation by the police, county detective and district attorney's office recommended that the cause of death of each be determined, there was presented to the court at 9 a. m. this morning, a petition by counsel for the husband, Ernie Brobst, requesting that at the exhumation of the bodies, Dr. H. A. Bruckens, pathologist of the University of Pittsburgh, be permitted to be present.

The district attorney objects to any order permitting the presence of Dr. Bruckens at the autopsy, pointing out that this is an investigation to determine the cause

of death, and no intimation has been made as to any criminal proceeding resulting, and that if this petition is granted, any person might petition to be present in person or by representative; the position of the district attorney being that the court has power to authorize lifting of the body and the approval of the expense incurred in so doing, but the investigation into the crime is a matter within the district attorney's discretion. Counsel for petitioner maintains the only party to whom suspicion could be pointed is their client and he should be entitled to have a representative present and observe. (The original petition was to participate, which has been stricken out.) If this were an autopsy, the coroner would have the right to exclude according to his own discretion. See District Attorney's Manual in Pennsylvania by Frederick B. Smillie; Woodward on Coroners, page 13; and Jervis on Coroners, page 248. See also County of Lancaster v. Mishler, 100 Pa. 624. The coroner's autopsy is not a public investigation but a private one. District Attorney Smillie in his book, on page 103, says that the object of the inquest is prejudiced by the attendance of the public and that counsel, as well as stenographers can be barred from presence at the autopsy. The right of the district attorney to assist the coroner is discussed in the case of Coroner's Duties, 20 Dist. R. 685. Mr. Smillie states, on page 47, that the district attorney has inherent power to exhume a body, citing the case of Commonwealth v. Grether, 204 Pa. 203. That case is one in which the district attorney exhumed the body and the investigation was not as an autopsy by the coroner. The Supreme Court said, page 206:

"The rights and duties of the coroner were not involved in examination of the body, which was made at the instance and under the direction of the district attorney for the purpose of being able to submit to the jury conclusive evidence that a bullet from the pistol

of the prisoner had caused the death charged to him. Such evidence it was the right, as well as the duty of that officer to procure, if it existed, without regard to anything the coroner may have done or omitted to do."

All counsel have stated the inability to find any Pennsylvania cases in point; nor has the court been able to do so. After burial, the next of kin have control of the body. In 15 Am. Jur. 841, §19, we find the statement that the rights of the relatives to have the corpse remain undisturbed after burial must yield to public interest; and in a prosecution for homicide, the victim's remains may be ordered to be exhumed on application of either the State or defendant, when it appears necessary for the administration of justice. Where authorization of the court is obtained to exhume a body, we believe the court would have authority to permit the body to be raised under such limitations as the court should direct. In the case of State v. Wood, 127 Me. 197, 142 Atl. 728, the authority of the court to permit a disinterment of the body of deceased persons in proper cases is discussed; and while we feel that it might be wiser for the district attorney to authorize the presence of a reputable representative of the husband of one of decedents, who was the last person with either of the two prior to their death, we do not feel that this court in the exercise of its powers, should interfere with the manner in which the district attorney performs his duties; having in mind that at an original autopsy the coroner would have the right to exclude anyone from being present in his investigation to determine the cause of death, we cannot see why the district attorney in the exhumation of the bodies of two people as to whom there has been considerable talk, should be curtailed any more than a coroner. We have in mind that there is no criminal prosecution pending at the present time, and that there is no evidence at

the present indicating that any such prosecution will be brought. We will make the following

*Order*

Now, April 11, 1950, the petition filed on behalf of Ernie Brobst, to have his representative present at the exhumation of the body of his wife, Josephine W. Brobst, and Myrl S. Sones, is refused, with exception noted to petitioner.