**Kopechne Petition**

*Edmund Dinis,* District Attorney, Dukes County, Massachusetts, *Peter Gay, Armand Fernandes,* Assistant District Attorneys and *Lance Garth,* for petitioners.

*Joseph F. Flanagan* and *John E. O'Connor,* contra.

*Blythe H. Evans, Jr.,* District Attorney, Luzerne County, Pennsylvania.

BROMINSKI, P. J., September 2, 1969.—This matter comes before the court upon motion of Joseph A. Ko-

pechne and Gwen L. Kopechne, parents of Mary Jo Kopechne, deceased, to dismiss the petition of Edmund Dinis, District Attorney for the Southern District of Massachusetts, and Robert W. Nevin, M.D., Medical Examiner for Dukes County, Massachusetts, requesting a hearing on whether an exhumation and autopsy of the body of Mary Jo Kopechne should be allowed.

The relevant portion of the petition for exhumation and autopsy recites:

"2) That there is now pending in said Dukes County an inquest under Massachusetts General Laws, Chapter 38, Section 8 . . . in the death of Mary Jo Kopechne who died July 18, 1969 at Edgartown, Dukes County, Massachusetts. Said inquest is to commence September 3, 1969.

"3) That the said Mary Jo Kopechne is buried in Larksville, Luzerne County, Pennsylvania.

"4) That the purpose of the inquest is to determine whether or not there is any reason sufficient to believe that the sudden death of Mary Jo Kopechne may have resulted from the act or negligence of person or persons other than the deceased.

"5) That in order that the circumstances of death be clearly established and the doubt and suspicion surrounding the death be resolved, an exhumation and autopsy will be required."

The above petition for hearing was presented to this court on August 15, 1969, at which time this court granted said petition and fixed August 25, 1969, as the date for the requested hearing.

On August 21, 1969, the present motion to dismiss under consideration here was filed, and this court, with the approval of all counsel for the respective parties involved herein, continued the hearing on the exhumation and autopsy scheduled for August 25, 1969, and substituted in its stead legal argument on the motion to dismiss.

The motion to dismiss recites the following grounds:

"5. The Court of Common Pleas of Luzerne County —Criminal Division, is without jurisdiction and authority to grant the relief prayed for in the Petition.

"7. The Petition constitutes a collateral attack upon a legal determination of Donald R. Mills, M.D., Associate Medical Examiner of Dukes County, Massachusetts, whereas in law such a legal determination, made in one sovereign state, can not be collaterally attacked in another sovereign state.

"9. The right to conduct an autopsy in pursuance of a criminal investigation is a right created by statute and there is no statutory authority which would give a Pennsylvania Court jurisdiction or authority to order an autopsy in the present matter.

"11. The said Petition and in particular paragraph 4 thereof does not sufficiently set forth facts which justify the requested relief."

This motion contained an application for a pre-trial conference and an application for a bill of particulars, neither of which are presently under consideration here as they have no relevance at this time.

We shall treat seriatim the reasons advanced in the motion to dismiss, but before doing so it must be made clear that the only matters which the court can consider are the allegations contained in the petition for exhumation and autopsy as they relate to the motion to dismiss. Much has been written and discussed about the matter before this court, but we must be mindful that as of this moment not one single fact under oath is of record for this court to consider, and thus it is limited to a determination based on the allegations contained in the petition for exhumation and autopsy.

The first reason to dismiss advanced by Joseph A. Kopechne and Gwen L. Kopechne (hereinafter referred to as the Kopechnes) is:

"5. The Court of Common Pleas of Luzerne County

—Criminal Division, is without jurisdiction and authority to grant the relief prayed for in the Petition."

Although there is disagreement between the parties involved herein as to what branch of the court of common pleas has jurisdiction in the matter, i.e., the criminal division, the equity division or the orphans' court division, there is no disagreement that the jurisdiction of the Court of Common Pleas of Luzerne County obtains.

The most succinct statement in law on this phase of the case is contained in State v. Wood, 127 Me. 197, 199, 142 Atl. 728, 729, wherein that court enunciates:

"The only question before this court is as to the authority of the court to grant the petition.

"[1] Under certain circumstances, disinterment of the body of deceased for evidential purposes may be ordered in civil cases.

"[2] Assuming the authority of the court to order the disinterment of a body for evidential purposes in a civil case, where property rights only are involved, it could not be reasonably argued that the Court did not possess a like power in criminal cases where liberty and even life itself may be involved."

While the petition for exhumation and autopsy does not name a criminal defendant, or even state that a crime has been committed, it is brought in the name of the District Attorney in and for the Southern District of Massachusetts and the Medical Examiner in and for Dukes County, Massachusetts, and sets forth that an inquest will convene on September 3, 1969, in Dukes County, Massachusetts, inquiring into the facts surrounding the death of Mary Jo Kopechne. This certainly suggests that the inquiry here is of a criminal rather than a civil nature. Civil proceedings in this jurisdiction encompass equity and orphans' court practice.

In view of this, one is constrained to conclude that as between the criminal, equity, and orphans' court

divisions of the Court of Common Pleas of Luzerne County, the criminal division is the most appropriate division to resolve the issues herein.

Accordingly the first reason to dismiss is denied.

The second reason to dismiss is:

"7. The Petition constitutes a collateral attack upon a legal determination of Donald R. Mills, M.D., Associate Medical Examiner of Dukes County, Massachusetts, whereas in law such a legal determination, made in one sovereign state, can not be collaterally attacked in another sovereign state."

This objection has obvious reference to exhibits "A" and "B" attached to the Kopechne argument brief which is a copy of the record of death of Mary Jo Kopechne, indicating her date of death as July 19, 1969, at Edgartown, Massachusetts, and stating the cause of death as asphyxiation by immersion. Exhibit "B" is the deposition of Dr. Donald R. Mills stating that he made the determination of the cause of death.

The petition for exhumation and autopsy filed by the Massachusetts authorities does not dispute the cause of death as determined by Dr. Donald Mills. Thus this court does not know at this time the intention of the Massachusetts authorities in this regard, or what proofs will be offered at the hearing. Accordingly, this court cannot speculate as to a possible collateral attack on Dr. Mills' determination, and therefore it cannot be considered at this time.

Therefore, the second reason to dismiss is denied.

The third reason to dismiss is:

"9. The right to conduct an autopsy in pursuance of a criminal investigation is a right created by statute and there is no statutory authority which would give a Pennsylvania Court jurisdiction or authority to order an autopsy in the present matter."

This issue can be resolved by reference to several authorities in law. The first is Roberts v. State, 210 Miss. 777, 793, 50 S. 2d 356, 362:

". . . the right of the State to do so (i.e., grant an autopsy) in proper cases is well grounded in the jurisprudence of this country."

Secondly, in State v. Wood, supra, at p. 730, it is stated:

"It is not only within the power of the court to take such action as shall tend to bring before it all that may assist in the search for truth but it is its duty to do so. Any other theory of law, any different course of conduct on the part of the court, would cause judicial proceedings to receive and merit the contempt of all right-thinking citizens.

"It is of course true that the action requested by the defendant in this case should only be taken after careful consideration and when such action seems absolutely essential to the administration of justice. The question of the wisdom and necessity of granting such a petition must lie in the discretion of the justice to whom the petition is addressed, but we do not hesitate to affirm that the court has power to grant the petition. . . ."

This clearly establishes the inherent power of the courts to consider and determine the issues involved herein. It is equally clear that a court in the exercise of its discretion is not reluctant to grant an exhumation and autopsy in a proper case, but it cannot intelligently exercise its discretion until it has before it facts of record.

The third reason to dismiss is denied.

The final reason raised to dismiss the application for exhumation and autopsy is:

"11. The said Petition and in particular paragraph 4 thereof does not sufficiently set forth facts which justify the requested relief."

The position set forth by counsel for the Kopechnes at oral argument and in the brief, is that the allegations

set forth in the petition for exhumation and autopsy are not sufficient.

What allegations are contained in the petition?

1. That there is now a pending inquest in Dukes County, Massachusetts; said inquest to convene on September 3, 1969.

2. That Mary Jo Kopechne is buried in Larksville, Luzerne County, Pennsylvania.

3. The purpose of the inquest is to determine whether or not there is any reason sufficient to believe that the sudden death of Mary Jo Kopechne may have resulted from the act or negligence of person or persons other than the deceased.

4. That in order that the circumstances of death be clearly established and the doubt and suspicion surrounding the death be resolved, an exhumation and autopsy will be required.

Counsel for the Massachusetts authorities argue that "It is respectfully submitted the fact an inquest is being held is sufficient fact alone to justify the autopsy." (Page 6 of their argument brief.)

To this argument we refer the Massachusetts authorities to the case of In re Brobst, 70 D. & C. 257, 259, wherein the Pennsylvania court states:

". . . we find the statement that the rights of the relatives to have the corpse remain undisturbed after burial must yield to public interest . . . the victim's remains may be ordered to be exhumed on application of either the state or defendant, when it appears necessary for the administration of justice."

Thus a pending inquest in another jurisdiction does not afford this court the opportunity of weighing the right of the parents to have their daughter's corpse remain undisturbed as against the public interest in the administration of justice. The Kopechnes may have no standing at the inquest, but most certainly can

exercise their right to be heard at the exhumation and autopsy proceedings.

Furthermore, there is a thread of inconsistency in this argument that the inquest itself warrants an autopsy. First, under the law the judge must exercise his discretion in deciding whether or not to grant an exhumation and autopsy. The district attorney's contention would deny the court the exercise of this discretion. Secondly, it is conceded by the Massachusetts authorities that the parents are entitled to notice of the autopsy proceedings, a fortiori, they requested in their prayer for relief that the parents be notified. Now, if it is seriously argued that an autopsy automatically results when an inquest is conducted, what useful purpose has it served to give notice to the Kopechnes? It would be a vain act, or in fact tantamount to no notice at all. The law of Pennsylvania requires notice be given to the Kopechnes: Commonwealth v. Marshall, 287 Pa. 514, 530, and notice is given to enable them to contest an exhumation and autopsy. How could their parental rights to object to the exhumation and autopsy be adjudicated if the exhumation and autopsy was automatic? See In re Brobst, supra.

It must be concluded that this argument is without merit.

The Massachusetts authorities argue further that "It is submitted the Court may safely assume and has common knowledge of the events surrounding the death and the doubt and suspicion which exists. The Court is respectfully asked to judicially notice them." (Page 6 of their argument brief.) Yet they cite no legal authority for this proposition.

The court, along with millions of other individuals, has read and heard of the events of the death of Mary Jo Kopechne, but this cannot be substituted for allegations of fact in a judicial proceeding.

It is therefore concluded that the petition for exhumation and autopsy does not set forth sufficient facts under Pennsylvania law to warrant the relief sought. However, as is the practice in this jurisdiction, the petition for exhumation and autopsy will not be dismissed, but the Massachusetts authorities will be granted the right to amend their petition to comply with the law of Pennsylvania.

Accordingly, the fourth reason to dismiss is sustained with the right of the petitioners to amend.

## ORDER

And now, this September 2, 1969, at 3:20 p.m. (EDST), it is hereby ordered and decreed that the first, second and third reasons advanced by Joseph A. Kopechne and Gwen L. Kopechne, his wife, the parents of Mary Jo Kopechne, to dismiss the petition for exhumation and autopsy are hereby denied and dismissed. It is further ordered and decreed that their fourth reason to dismiss is sustained. However, the petition for exhumation and autopsy is not dismissed and the petitioners Edmund Dinis, Esq., and Robert W. Nevin, M.D., are hereby granted 20 days from the date hereof to file an amended petition consistent with this opinion.