## Commonwealth *v.* Thomas, Appellant.

Argued November 14, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Leo Thomas Connor,* with him *James Francis Lawler,* for appellant.

*Stanley M. Schwarz,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, May 2, 1961:

The defendant, James Thomas, appeals from a judgment of sentence following his conviction, after trial by jury, of murder in the second degree.

On August 27, 1959, Thomas lived in the Eastwick section of Philadelphia and rented space near his home to two families of gypsies who resided in trailers. Dennis John, nine years of age and a child of one of these families, on the afternoon of that date was riding his bicycle in front of the doorway of Thomas' home when he was struck by gunfire from a shotgun held by Thomas as he stood in the doorway of his home. Dennis John died as the result of these shotgun wounds.

Thomas was indicted by the grand jury of Philadelphia County on two bills of indictment, one of which charged murder and the other of which charged involuntary manslaughter. The district attorney, over

Thomas' counsels' objection, elected to, and insisted upon, trying the defendant only on the bill of indictment which charged murder. In this he was sustained by the trial court which overruled the motion of defendant's counsel that both indictments be consolidated for the purposes of trial.

The trial then proceeded before a court and jury in the Court of Oyer and Terminer and General Jail Delivery of Philadelphia County, and Thomas was found guilty of murder in the second degree. After such verdict motions for a new trial and arrest of judgment were refused, Thomas was sentenced to seven and a half to fifteen years in a state correctional institution and this appeal was taken.

A study of the record renders it hard to believe that malice on the part of the defendant existed when this unfortunate fatal shooting occurred. At most, the evidence to sustain such a finding was thin and feeble. Malice is a necessary ingredient of murder and its existence must be established beyond a reasonable doubt: *Com. v. Bolish*, 381 Pa. 500, 113 A. 2d 464 (1955); *Com. v. Malone*, 354 Pa. 180, 47 A. 2d 445 (1946). The evidence does strongly indicate that the shooting resulted from the defendant's criminal negligence. In this event, he would be guilty of involuntary manslaughter and not murder.

Under such circumstances, we conclude that it was prejudicial error to refuse to try the defendant upon the indictment charging involuntary manslaughter. Needless to say, the primary and basic purpose of every court judgment is to render substantial justice to all concerned, no more and no less. That this failed in this case is to us abundantly clear.

The unfairness of the proceedings is pointed up when we consider the court's charge to the jury. Since the defendant was tried on the murder indictment only, the trial judge refused to explain to the jury the legal

distinction between murder and involuntary manslaughter, although specifically requested so to do. He instructed the jurors that there were only two possible verdicts, namely, "Guilty of Murder in the Second Degree", or "Not Guilty." There was no alternative! The jury was definitely given the impression that the defendant must be found guilty of murder, or else be set free. This, of course, was not so. The defendant could still be tried on the indictment charging involuntary manslaughter.

In view of the fact that a young lad had lost his life as a result of the defendant's inexcusable and criminal negligence, we can readily understand the jury's reluctance to absolve him. Since the jury was denied the unfettered opportunity of considering the defendant's guilt of involuntary manslaughter, fairness did not prevail.

Judgment reversed and a new trial is ordered.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

Defendant was convicted of murder in the second degree. I would affirm the judgment. The majority opinion does not and cannot say that the evidence was insufficient to sustain the conviction, or that there was any trial error. Because the crimes are so basically different, it is very unusual that an indictment for murder and for involuntary manslaughter are tried together.* When the question has arisen this Court has wisely said that the question of trying the two bills of indictment together should be left to the discretion of the trial Court** and we will not reverse unless there has been a clear abuse of discretion. In *Commonwealth*

---

* The District Attorney of Philadelphia County has never known this to happen.

** The trial Judge refused defendant's motion to have both indictments tried together.

*ex rel. Spencer v. Ashe,* 364 Pa. 442, 71 A. 2d 799, the Court, speaking through Mr. Justice, now Chief Justice, JONES, said (page 446) : ". . . it is within the sound discretion of the trial court to determine whether a number of indictments against the same person should be tried together: Commonwealth v. Festa, 156 Pa. Superior Ct. 329, 332, 40 A. 2d 112; Commonwealth ex rel. Koleg v. Ashe, 140 Pa. Superior Ct. 215, 216, 14 A. 2d 175; and Commonwealth v. Tracey, 137 Pa. Superior Ct. 221, 227-228, 8 A. 2d 622. And, an exercise of discretion in such regard will not be reversed unless it clearly appears that the rights of the defendant were thereby prejudiced: Commonwealth v. Mulroy, 154 Pa. Superior Ct. 410, 413, 36 A. 2d 337."

See also to the same effect: *Commonwealth ex rel. Bolish v. Banmiller,* 396 Pa. 129, 132, 151 A. 2d 480.

The majority have impliedly decided that the Court below clearly abused its discretion. If the opinion is penetratingly read it is not difficult to perceive that what it "really" says, is that it believes that a conviction of involuntary manslaughter would be more just than a conviction of murder. It is a truism that "sympathy" cases frequently make bad law or create harmful precedents. It is too often forgotten that the remedy or cure for the conviction of a higher crime instead of a lower crime which an appellate court believes would have been more appropriate, lies not in a new trial (which incidentally increases the burden of our tremendously overburdened Courts) but in a commutation by (the Board of Pardons and) the Governor which, in the light of past history, can undoubtedly be obtained if there is any justification therefor.