Hankin *v.* Harbison et al., Appellants.

Argued January 19, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Peter F. Baughman,* with him *Waters, Fleer, Cooper & Gallager,* for appellants.

*Desmond J. McTighe,* with him *Philip D. Weiss,* and *McTighe, Koch, Brown & Weiss,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, June 28, 1971:

On January 28, 1937, William M. Greenhouse, the recent purchaser of a twenty-acre tract from the Merritt Estate in Abington Township, wrote to township officials seeking permission to construct two houses on lots on a proposed Merritt Road, which would have a width of twenty-four feet and a length corresponding with the frontage of the two lots.

On May 6, 1937, the road, having been constructed sometime prior thereto, was inspected by Abington Township. Since then a home has been built on each of the two lots on Merritt Road. The appellees, Moe Henry Hankin and his wife, purchased one of the improved lots on February 18, 1943.

On April 20, 1965, appellees filed a pleading entitled "Petition for Preliminary Injunction" against appellants, Harbison and Longsdorf, alleging that Merritt Road is a private road of which they are equitable owners; that Harbison, who conducts an automobile agency on the opposite side of Merritt Road, has engaged Longsdorf to pave a portion of the property; that Longsdorf has knocked down one large shade tree and intended to knock down fifteen additional trees, all of which trees are within the right of way of Merritt Road; that the

plaintiffs (appellees) would be irreparably harmed if defendants (appellants) removed the trees, and that they had no adequate remedy at law.

After several proceedings, which need not concern us here, including the subsequent filing of a complaint, the court determined that the case involved the resolution of title to land, and the entire proceeding was certified to the law side to determine: 1. ownership of the fee in Merritt Road, and 2. public and private rights or easements in Merritt Road.

After a trial without jury, the court rendered an adjudication in which it held that although there had been an implied dedication of Merritt Road to the public, the Township had never accepted the dedication. Consequently, appellees had equitable ownership and were entitled to relief. Appellants filed exceptions, which were dismissed by the court en banc without an opinion. On appeal from the order of the Court of Common Pleas, we vacated the order and ordered a rehearing with instructions that Abington Township be joined as a party defendant. *Hankin v. Harbison,* 437 Pa. 569, 259 A. 2d 171 (1970). Another hearing was scheduled pursuant to our order. However, in lieu of a new hearing, counsel for all the parties, including the Township, entered into a stipulation that no party would introduce further testimony. A supplemental adjudication was filed, after which the court republished and reinstated its earlier adjudication and order as a final judgment of the court.

Since the court below found as a fact and concluded as a matter of law that there was an implied offer of dedication of Merritt Road, and no exceptions were filed to such finding and conclusion, the only issue before us on appeal is whether the Township of Abington has accepted the offer of dedication, thereby converting Merritt Road into a public street.

The legal principles involved in determining when acts by a municipality constitute an acceptance by it of an offer to dedicate a street for public use were enunciated at length in *Milford Borough v. Burnett,* 288 Pa. 434, at 438, 439, 77 Atl. 627 (1927) :

"Streets or highways, apart from statutory methods, may be created by dedication, express or implied, and by prescription. The only question presented here is in regard to an express dedication, which is a continuing offer of a piece of ground to a municipality for public travel. So far as it relates to a municipality, the offer continues (barring legislation) until revoked. Like all such offers, it must be accepted by the municipality for the purpose offered. It may later renounce the street as a public highway. The acceptance may be express or implied. Implied acceptance may be indicated by some definite authoritative act of the municipality [citing cases] or by long continued user by the public as a way [citing cases], or a combination of municipal acts and public use [citing cases]. The mere dedication of a street, or its adoption as such by the municipality, is not an acceptance of it so as to make it a public highway [citing cases] ; such acts are merely equivalent to a plotting or laying out; it is nothing but a paper street.

"Evidence to establish an acceptance of a dedication by user should be of the same quality as that necessary to establish a way by dedication. The continuity of the acts necessary, and the time during which they take place, or their duration, cannot be confined to any fixed rule. All authorities agree, however, that there must be unequivocal acts, continued during a long time, to show beyond question the intention on the part of the municipality to accept the proposed street as a public highway. The evidence to sustain this intent must be clear and convincing. . . . While the use should be such as the nature and character of the place is susceptible of, yet, because of the legal consequences that flow

from the act of acceptance, the intent to accept a public highway must clearly appear, and not be the subject of doubt. Not only must the acts be continuous [citing cases] and for a long period [citing cases,] but they must be open and notorious. They must also be based on an undoubted claim of right in those using the way, and not be acts by permission of the owner of the fee. Mere occasional use, or inconsequential acts for the convenience of the municipality, will not be sufficient to convert a dedication into a public way. . . ."

The hearing court found the following facts favorable to appellants:

"1.  Facts favorable to defendants:

"(a) The Township has from time to time cleaned the gutters of Merritt Road both by hand and by machine [the last time was eight to ten years ago].

"(b) The Township provided trash collection to the two houses on Merritt Road.

"(c) Merritt Road appears as a public road on the maps and street directories prepared by Abington Township and has so appeared since at least 1941.

"(d) Township Officials erected a street sign bearing the name 'Merritt Road' at the point of intersection with Old York Road and house numbers were assigned to the two houses on Merritt Road.

"(e) Merritt Road was submitted by Abington Township in reports to the Commonwealth of Pennsylvania for the purpose of obtaining liquid fuel tax allowance.

"(f)  No taxes are assessed on the bed of Merritt Road.

"(g) Once in 1957, Abington Township, at a cost of approximately $85.00, surface-treated Merritt Road."

These facts alone were not sufficient to establish an acceptance by the municipality, especially in view of the following additional facts found by the court, which indicate that no such acceptance took place:

"2.   Facts favorable to plaintiffs:

"(a)  The residents on Merritt Road shoveled the snow by hand and cindered, swept and policed the road.

"(b)  Plaintiffs hired snowplows to clean the snow off of Merritt Road from 1963 on to the time of hearing.

"(c)  The plaintiffs had the road repaved by a private contractor and had other contractors roll new black-top on the road and fill in pot-holes.

"(d)  Public use of the road was practically non-existent, the only use being as an occasional turn-around and once or twice a year for parking by members of the public attending functions held in nearby churches and halls.

"(e)  There was never any official, formal or authoritative acceptance of the road by Abington Township officials."

Accordingly, we agree with the conclusions of the court of Common Pleas that, as a matter of law, the Township did not unequivocally accept it as part of its street system, and, therefore, assume the responsibility for repair and maintenance.

Order affirmed.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.