## Commonwealth *v.* Garrison, Appellant.

Argued November 19, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and POMEROY, JJ.

reargument refused August 3, 1971.

*Richard H. Knox,* with him *Harry J. Greenstein,* for appellant.

*Jeffrey Brodkin,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney,

*James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, June 28, 1971:

Appellant was indicted on three bills for murder, involuntary manslaughter and voluntary manslaughter but was arraigned only on the murder charge. Found guilty by a jury of second-degree murder, the court imposed a sentence of five to ten years' imprisonment after disposition of post-trial motions. This appeal followed.

On the evening of May 19, 1967, appellant encountered the deceased together with appellant's former girl friend, Mrs. Adelaide Hardy, in a car and the appellant attempted to talk to Mrs. Hardy. An argument ensued and appellant threatened to kill the decedent but thereafter apologized. While allegedly driving elsewhere on the afternoon of May 22, 1967, appellant observed the deceased in front of Mrs. Hardy's apartment and stopped his car. Although a fight ensued, there is some dispute whether appellant broke open the apartment door to confront the deceased or whether the fight began outside the apartment and spilled inside. In any event, this donnybrook eventually ended in Mrs. Hardy's kitchen where the deceased was fatally stabbed, allegedly in self-defense or accidentally, with a large carving knife belonging to Mrs. Hardy. Contesting appellant's self-defense claim, Mrs. Hardy testified that the victim repeatedly told her—while being transported to the hospital—that appellant stabbed him. Moreover, Mrs. Hardy testified as to receiving a telephone call the next day from the appellant, who informed her that he took the knife away from the deceased and "used it on him."

Appellant first argues that he should have been arraigned on the indictment charging involuntary manslaughter. Although the Commonwealth need not indict an accused for " 'all possible crimes of which the defendant could conceivably be guilty,' " *Com. v. Reid,* 432 Pa. 319, 322, 247 A. 2d 783, 785 (1968), *see, also, Com. v. Edwards,* 431 Pa. 44, 52, 244 A. 2d 683, 687 (1968), failure to proceed on an involuntary manslaughter indictment is error if there is, at most, "thin and feeble" evidence of malice and there is strong evidence of involuntary manslaughter. *Com. v. Thomas,* 403 Pa. 553, 555, 170 A. 2d 112, 113 (1961). Reviewing the instant evidence, we find there was no error.

It is hornbook law that the principal distinction between murder and manslaughter, either voluntary or involuntary, is the absence of any requirement of malice in manslaughter prosecutions. On the facts in the case at bar, there is overwhelming evidence of malice. Besides Mrs. Hardy, two other Commonwealth witnesses testified as to prior threats made by appellant to kill the deceased. Furthermore, it must be remembered that appellant drove to Mrs. Hardy's apartment, where a fight started either immediately or after appellant broke open the apartment door. Lastly, the possibility of an accidental death becomes nonexistent in view of appellant's own self-defense testimony. Unlike *Thomas,* neither the court below nor the Commonwealth erred in failing to proceed on the involuntary manslaughter indictment.

During the voir dire of the jury panel and prior to the sequestration of witnesses, an assistant district attorney—not the trial prosecutor—escorted a group of students into the courtroom and lectured them on the facts of the case in order to better enable them to understand the proceedings. This was done in the presence of several witnesses and possibly within earshot

of five prospective jurors. When this matter was brought to the attention of the trial judge, he ruled that, while each of these jurors should be examined on this subject, he would take no action in connection with the witnesses. Borrowing the principle from our sequestration cases that the separation of witnesses is designed to prevent the "molding" or "shaping" of a witness' testimony to coincide with the testimony of preceding witnesses, *e.g., Com. v. Powell,* 429 Pa. 1, 239 A. 2d 368 (1968), appellant next argues that this lecture coordinated the testimony of those witnesses present during the lecture and prejudiced the appellant.

Our research discloses the absence of any factually analogous precedent in this Commonwealth on the subject of *misconduct* by a nonparticipant in the litigation prejudicing the criminally accused. Although we unequivocally denounce the lecturer's indiscreet behavior, the question then becomes whether the appellant was so prejudiced as to warrant the grant of a new trial. The majority of jurisdictions faced with this problem have ruled that whether bystander misconduct prejudiced the defendant is primarily a matter for the trial judge's discretion. *See,* 23 C. J. S. *Criminal Law* §970 (1961) ; 24 C. J. S. *Criminal Law* §1449 (21) (1961) ; 24A C. J. S. *Criminal Law* §1903 (1962). *Cf.,* Annot., 81 A. L. R. 2d 1142 (1962). The only remotely analogous decision by this Court, *Com. v. Hoover,* 227 Pa. 116, 75 Atl. 1066 (1910), similarly enunciated an "abuse of discretion" test and reversed the judgment of sentence because the trial judge failed to halt frequent, hostile demonstrations directed toward the accused and his counsel by the spectators.

Reviewing the record in the instant appeal, we are of the opinion that the court below did not abuse its discretion in deciding that the lecture did not prejudice the appellant. In the first place, there is no in-

dication that any witness learned anything about the matter that he did not already know so as to alter his testimony. Moreover, defense counsel knew of this lecture before any witness took the stand and had an adequate opportunity to reveal any discrepancies during cross-examination.

Lastly, appellant contends that several errors were committed during the course of the trial: (1) the calling of certain witnesses by the Commonwealth not mentioned by the prosecutor in his opening remarks was improper; (2) certain pretrial statements of Commonwealth witnesses should have been made available to appellant prior to trial; (3) testimony by the Commonwealth's medical witness, unrelated to the causation issue, should not have been received; (4) certain testimony by an investigating officer, solicited by the Commonwealth on redirect examination, should not have been received despite the fact that defense counsel initiated this line of inquiry on cross-examination; (5) the cross-examination of several witnesses and direct examination of prosecution witnesses recalled by defense counsel should have been permitted; and (6) the trial judge erred in refusing certain points for charge submitted by defense counsel. We have carefully reviewed all of the above contentions and find them to be without merit.

Judgment of sentence affirmed.

Mr. Justice COHEN took no part in the decision of this case.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.