345 A.2d 654

COMMONWEALTH of Pennsylvania,
Appellee,

v.

Gary STOCK, Appellant.

Supreme Court of Pennsylvania.

Argued March 15, 1973.

Decided Oct. 3, 1975.

548

Edgar M. Snyder, Watzman, Levenson & Snyder, Pittsburgh, for appellant.

Robert W. Duggan, Dist. Atty., Carol Mary Los, John G. Alford, Asst. Dist. Attys., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

EAGEN, Justice.

The appellant, Gary Stock, was convicted by a jury in Allegheny County of voluntary manslaughter. Post trial motions were timely filed and denied. This direct appeal from the judgment of sentence then followed. Because we believe the trial court erred in refusing, after timely motion,[1] to consolidate for trial two indictments arising out of the same criminal conduct; one indictment being for murder and voluntary manslaughter; the other for involuntary manslaughter, we now reverse and order that Stock be given a new trial.[2]

It is well-settled that the propriety of consolidating separate indictments for trial is ultimately within

[1] Instantly, defense counsel filed a pre-trial motion to consolidate the indictments which the trial court denied on the ground that the bills were "incompatible" and would tend to confuse the jury. Rule 219(d) of the Pennsylvania Rules of Criminal Procedure provides, "The court, of its own motion, or on application of a party, may order separate trials of counts, grant a severance as to any defendant, or provide other appropriate relief." It follows that a motion to consolidate for trial separate charges or indictments is presented as a request for "other appropriate relief." *Commonwealth v. Moore*, 463 Pa. 317, 344 A.2d 850 (1975).

[2] Stock also contends he was placed twice in jeopardy by the trial court's reversal, sua sponte, of its own pre-trial order dismissing the murder indictment. He also argues that his counsel should have been present when the trial court reversed its earlier order. We find these contentions to be without merit. See *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).

Stock also claims the trial court erred in its response to a jury request for additional instructions. However, in view of our disposition of this appeal, we need not discuss the merits of this contention.

the sound discretion of the trial court and its determination in this regard will not be disturbed unless it clearly appears the rights of the defendant were thereby prejudiced. *Commonwealth v. Moore,* 463 Pa. 317, 344 A.2d 850 (1965); *Commonwealth v. Patrick,* 416 Pa. 437, 445, 206 A.2d 295 (1965); *Commonwealth ex rel. Bolish v. Banmiller,* 396 Pa. 129, 132, 151 A.2d 480 (1959). However, "failure to proceed in an involuntary manslaughter indictment, when consolidation is requested, is prejudicial error where the evidence presented would support such a verdict." *Commonwealth v. Moore,* supra. See also *Commonwealth v. Thomas,* 403 Pa. 553, 170 A.2d 112 (1961). This is so because "the failure to consolidate leads to a refusal to instruct the jury on involuntary manslaughter" [3] and "the failure to so acquaint the jury prevents it from operating with full knowledge of the relevant law and precludes the defendant from having a fair trial." *Commonwealth v. Moore,* supra. See also *Commonwealth v. Thomas,* supra.

 Involuntary manslaughter encompasses " 'the killing of another without malice and unintentionally, but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty.' " *Commonwealth v. Mayberry,* 290 Pa. 195, 198, 138 A. 686, 686 (1927). See also *Commonwealth v. Jones,* 452 Pa. 569, 308 A.2d 598 (1973); *Commonwealth v. Flax,* 331 Pa. 145, 200 A. 632 (1938). Where the act itself is not unlawful, to make it criminal, the negligence must be

---

3. In view of our decision today, holding that the failure to grant consolidation was improper, we need not re-examine the continued vitality of past decisions upholding the trial court's refusal to charge the jury on involuntary manslaughter when there is no indictment therefor. See, e. g., *Commonwealth v. Edwards,* 431 Pa. 44, 52, 244 A.2d 683 (1968); *Commonwealth v. Comber,* 374 Pa. 570, 575, 97 A.2d 343 (1953); *Commonwealth v. Palermo,* 368 Pa. 28, 31–32, 81 A.2d 540 (1951).

such a departure from prudent conduct as to evidence a disregard for human life or an indifference to the consequences. *Commonwealth v. Feinberg,* 433 Pa. 558, 566, 253 A.2d 636 (1969); *Commonwealth v. Aurick,* 342 Pa. 282, 288–289, 19 A.2d 920 (1941). However, "the proof of negligence to support a charge of *involuntary manslaughter* need *not* be proof of acts or omissions exhibiting *reckless, wicked and wanton* disregard of the safety of others. *Negligence of that high degree* will support a charge of *murder in the second degree* . . . ." [Emphasis in original.] *Commonwealth v. Aurick,* supra at 290, 19 A.2d at 924. See also *Commonwealth v. Taylor,* 461 Pa. 557, 337 A.2d 545 (1975).

The facts presented at trial were substantially undisputed and consisted primarily of an extra-judicial statement given the police by Stock and his in-court testimony, corroborative of the prior statement. The record reveals the following:

On the evening of May 22, 1971, Stock, then seventeen years of age, was with some friends at a gas service station in Baldwin Borough, Allegheny County, when he heard that several youths from nearby Brentwood Borough, among them one Jeffrey Krause, were roughing up some youths from Baldwin. Stock then returned home to get his shotgun, which he loaded, and then rejoined his friends at the gas service station. That accomplished, Stock and his friends set out in an automobile to find Krause. Stock testified that he took the shotgun along only to "scare" Krause. Shortly thereafter, while cruising around Brentwood, the group sighted Krause. He was in the company of one David Rhodes. The group pulled the automobile onto a nearby vacant parking lot where Stock removed the loaded shotgun from the trunk compartment and handed it to a companion, Gary Kovaleski. Kovaleski, at this particular time, was in a highly intoxicated condition. The group then drove back towards the location where Krause and Rhodes were stand-

ing and Kovaleski, according to Stock, with the intent to frighten only, discharged the shotgun near the two. Unfortunately, the pellets struck a parking meter, ricocheted, and struck Rhodes, causing injury which resulted in death.

We believe the evidence presented would have supported a verdict of involuntary manslaughter.[4] The jury, crediting Stock's testimony could have determined the fatal wounding of Rhodes was unintentional and accidental. Furthermore, the jury, applying its knowledge and experience, could have concluded that Stock's conduct which contributed to the killing, while unlawful and criminally negligent within the definition of involuntary manslaughter, was not so negligent as to reach the level of recklessness and wantonness required for a murder conviction. Therefore, since the jury could have viewed Stock's conduct as coming within the ambit of involuntary manslaughter, it was error for the trial court to deny consolidation upon request and fail to present involuntary manslaughter as a possible verdict.[5]

Judgment reversed and a new trial ordered.

ROBERTS, POMEROY and MANDERINO, JJ., file separate concurring opinions.

NIX, J., files a dissenting opinion.

ROBERTS, Justice (concurring).

I concur in the result. See *Commonwealth v. Moore*, 463 Pa. 317, 323, 344 A.2d 850, 853 (1975) (concurring opinion by Roberts, J.).

4. As noted in *Commonwealth v. Moore*, supra, both *Commonwealth v. Jones*, supra, and *Commonwealth v. Garrison*, 443 Pa. 200, 279 A.2d 750 (1971), are distinguishable on this point. In neither of these cases was the evidence presented of such a nature as to indicate the elements of involuntary manslaughter were present.

5. The Commonwealth's reliance upon *Commonwealth v. Reid*, 432 Pa. 319, 247 A.2d 783 (1968), is misplaced as there was no indictment charging Reid with involuntary manslaughter and, consequently, no motion for consolidation to rule upon.

POMEROY, Justice (concurring).

For the reasons set forth in my concurring opinion in *Commonwealth v. Moore*, 463 Pa. 317, 344 A.2d 850 [filed October 3, 1975], I concur in the result.

MANDERINO, Justice (concurring).

I concur in the result reached by the majority for the reasons stated in my concurring opinion in *Commonwealth v. Moore*, 463 Pa. 317, 344 A.2d 850 (1975).

NIX, Justice (dissenting).

I dissent for the reasons expressed in my dissenting opinion in *Commonwealth v. Moore*, 463 Pa. 317, 344 A. 2d 850 (filed this day).